JAMIE LEE BLEDSOE NO. 06-14-00138-CR IN THE COURT OF APPEALS
     VS                    12-0374X        Sixth Appellate District,
THE STATE OF TEXAS                        Of Texas at Texarkana

The Court of Appeals
Sixth District

Dec 0 4 2015

Texarkana, Texas
Debra Autrey, Clerk

The Court of Appeals
Sixth District

DEC 0 4 2015

Texarkana, Texas
Debra K. Autrey, Clerk

MOTION TO INTERVENE

Now Come, Jamie Lee Bledsoe, And Respectfully
Request this Honorable Court to Come in
Between this quarrel in order to Stop, and
Settle any other unConstitutional endeavor,
By The 71st Judicial District" District Attorney.

For The Reasons As Requested Above, APPellant
will Show THE Following:

A.

On November 3, 2015 this Court render there
Judgment Concerning a illegal enhancement that
was used by the District Attorney of the 71st Judicial
District Court On NO. 06-14-00138-CR.

B.

This Court reverse the Portion of the Judgment
assessing Punishment and remand to the trial Court
for a new Punishment Meaning: this Court modify the
Judgment to reflect the Correct degree of the offense
as a State Jail felony: and the Judgment, as modified
to reflect the Correct degree of the offense as a
State Jail felony.

C.

On November 17, 2015 APPellant recieved a Letter
from his New Appointed Attorney KYLE DANSBY" a
Letter indicating that the District Attorney was
Contrary to the Law Concerning the Pleat to the
State Jail felony, and intend to re-enhance the Same
Primary offense back to a Second degree. (see Letter enclose

(1)

## D.

THE Letter indicated that the District Attorney is offering a (18 year) TDCJ in complete violation of Appellant 5th amendment, Double Jeoparuy clause, and 14th amendment equal Protection of the Law.

## E.

This unconstitutional allegation as indicated in this Letter would be vindictiveness by this illegal endeavor, and if carry out would create yet another appeal, and a repeated illegal imprisonment.

## Law & fact

The Texas Court of criminal appeal's "hold" that when the State seeks to have a defendant declared to be and Punished as an "repeater", and "Habitual offender", by so alleging in the indictment and attempting to establish those allegations during the Punishment stage of the trial, and it is later found on direct appeal or through Post-Conviction habeas corpus that one of the prior convictions that was alleged to enhance the Punishment was void, the Sentence will be set aside Ex Parte Sewell 742 S.w.2d 38 (Tex. Cr. App. 1987)

IN that instance the State is thereafter barred by the respective double Jeopardy clauses from again attempting to have the defendant declared at the retrial to be and Punished as an "repeater" or "Habitual offender" for committing the same primary offense.

"Having received one fair opportunity to offer whatever Proof it Could assemble, Burks v. United States, 437 U.S. [1], at 16, 98 S. ct. [2141] at 2150 [57 L.Ed. 2d 1 (1978] the state is not entitled to another." (5th Amend)

(2)

There are three distinct types of double Jeopardy claims:

(1) a Second Prosecution for the Same offense after acquittal:

(2) a Second Prosecution for the Same offense after Conviction

* (3) Multiple Punishment for the Same offense

Jeopardy attaches when the Jury is impaneled and Sworn.

Any allowance of the Prosecution. to re-amend the Same Primary offense's indictment after the Jury has been impaneled and sworn would be complete violation of Appellate (5th) (6th) (8th) and (14th) Amendment to the Texas and United States Constitution.

The Texas Court of Criminal Appeal. has held that "Conviction" in Sec. 12.42 and reformed Sec. 12.425(b) requires a valid Conviction. Quite Simply, if a void Conviction is used, the State has insufficiently Proved a factual element. i.e., that the defendant has a Prior Conviction" therefore, the Court held that the State Could not re-Seek to enhance appellant's Punishment as a "repeater" or as an "habitual offender" for the Same Primary offense.

## PRAYER

Appellate respectfully request this Court to grant said motion to intervene, and Send a Order of re-Punishment as a State Jail felony Consistent with this Court opinion as a State Jail felony. Respectfully Submitted

Jamie Lee Bledsoe

## Certificate of Service

I hereby certify that a true and Correct Copy of the fore going motion was Served to Clerk: DeBra k. Autrey of the Sixth Court of Appeal this day of Dec. 3th 2015

Jamie Lee Bledsoe

(3)

P.O. Box 1914
Marshall, TX 75671

(903) 738-6162
(903) 410-1583 Fax
kdansbylaw@gmail.com

# KYLE DANSBY
# ATTORNEY AT LAW

---

November 17, 2015

RE: appointment, bench warrant, plea offer, update

Mr. Bledsoe:

I am the attorney appointed to represent you on your new punishment hearing in Harrison County in cause number 12-0374x. Full disclosure: I was an assistant criminal district attorney in Harrison County when this case was filed and indicted. I did not personally handle the case, and have no recollection of the facts. Since I did not prosecutor you, nor specifically handle this case, it is not an ethical issue to represent you. I am reviewing your priors, but it does not appear I was an ADA when those cases were indicted or prosecuted. If I was an ADA, I was a misdemeanor prosecutor, and had no involvement with felony cases at that time.

I am informing you of this so that you are aware. If you have an issue with my representation please let me know. I do not want you thinking that my representation of you will not be ethical and zealous.

I have filed a bench warrant, and the court coordinator has set for you to be brought back for a docket call on Monday, November 30, 2015 at 1:30PM. I am assuming you will be brought back to Harrison County several days before that. Once I am aware you are in our jail, then I will come and visit you.

I have had a brief conversation with the prosecutor about this case so I can be brought up to speed. He intends to enhance your punishment range to a second degree felony again, and believes he has the proper priors to do so. He has not filed that paperwork yet. The DA's office is preparing the discovery, and I have requested a copy of the record of the trial from the court reporter. The prosecutor is offering you 18 years TDCJ. He will not agree to plea you to a state jail felony, nor will he plead you to twenty four months with credit for time served. I am required to make you aware of all offers. You are not required to accept a plea offer. As you can see, I am preparing for a punishment trial. The prosecutor will present evidence related to the burglary case that led to your conviction. He is allowed to do that, especially since this jury will not have heard the evidence in that case.

I look forward to meeting you and representing you in your punishment trial.

Sincerely,

Kyle Dansby

KJD